IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH BIERLY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK HIRATA, et al.,<br><br>Defendants. | **REPORT & RECOMMENDATION & ORDER**<br><br>Case No:  2:08-CV-948 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff Elizabeth Bierly[1] filed suit against numerous defendants under 42 U.S.C. §§ 1983, 1985(2), (3), and 1986, alleging violations of her constitutional rights in connection with the removal of two of her minor children and their subsequent adoption.[2]  The case has a number of pending motions, including two motions to dismiss.  After careful consideration, the court concludes that the motions to dismiss should be granted, and the complaint should be dismissed under 28 U.S.C. § 1915(e).

---

[1]Although the heading of the amended complaint lists additional plaintiffs, Plaintiff Elizabeth Bierly is the only plaintiff who signed the complaint.  (See "Amended" Civil Rights Complaint at 19, docket no. 9, filed December 30, 2008.)  Rule 11(a) of the Federal Rules of Civil Procedure requires that all pleadings must be signed by a party personally if unrepresented by counsel.  Further, Bierly, who is not a licensed attorney, may not represent other persons in federal court.  See 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel.");  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).  Thus, the only plaintiff properly before the court is Elizabeth Bierly.

[2]In order to protect the identities of the children, the court will refer to them by their initials, J.B. and L.B.

## STANDARD FOR DISMISSAL UNDER SECTION 1915(e)

Bierly has been granted permission to proceed without prepayment of fees under 28 U.S.C. § 1915.[3]  Under Section 1915, the court must dismiss the case if the court determines that the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[4]  "In determining whether a dismissal is proper, [the court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5]  Additionally, because Bierly is proceeding pro se, the court construes her allegations liberally.[6]

The court applies the same standard of review for dismissals under 28 § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted as it uses for a motion to dismiss under Rule 12(b)(6).[7]  In that regard, the court looks for plausibility in the complaint.[8]  "[A] complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[9]  The burden is on the plaintiff to provide sufficient facts (taken as true) to suggest that

---

[3]Docket no. 2, filed December 8, 2008.

[4]28 U.S.C. § 1915(e)(2)(B).

[5]*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6]*Haines v Kerner*, 404 U.S. 519, 520-21 (1972).

[7]*Kay*, 500 F.3d at 1217.

[8]*Id.* at 1218.

[9]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)).

she is entitled to relief.[10]  The court does not make the determination based on whether the claim

is "improbable."[11]  Rather, "[f]actual allegations must be enough to raise a right to relief above

the speculative level."[12]  That is, the facts must show, not merely assert, that the plaintiff is

entitled to relief.[13]

This Report and Recommendation will deal with the State Defendants (employees or

officials of the State of Utah); Midvale Police Officers; Mark Hirata, Assistant U.S. Attorney;

and Dr. Dana Hardin, a physician employed by a private hospital.

### STATE DEFENDANTS

### A.  State Defendants' Motion to Quash

Defendants Utah Attorney General Mark Shurtleff, Assistant Utah Attorney General Paul

Amann, Utah Guardian ad Litem Liz Knight, former Utah State Juvenile Court Judge Olof A.

Johansson, former Utah Division of Child and Family Services ("DCFS") Director Richard

Anderson, and DCFS employees Carolyn Thomas, Patti Van Wagoner, and Barry Richards

("state defendants") have filed a motion to quash service of process.[14]

Rule 4(e) of the Federal Rules of Civil Procedure allows service on an individual by:

> (1)    following state law for serving a summons in an action brought in courts
>        of general jurisdiction in the state where the district court is located or
>        where service is made; or

---

[10]*Robbins*, 519 F.3d at 1247.

[11]*Kay*, 500 F.3d at 1218.

[12]*Robbins*, 519 F.3d at 1247 (quoting *Twombley*, 550 U.S. at 555).

[13]*Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

[14]Docket no. 23, filed January 20, 2009.

(2)     doing any of the following:

   (A)     delivering a copy of the summons and of the complaint to the
           individual personally;

   (B)     leaving a copy of each at the individual's dwelling or usual place
           of abode with someone of suitable age and discretion who resides
           there; or

   (C)     delivering a copy of each to an agent authorized by appointment or
           by law to receive service of process.

Rule 4(d) of the Utah Rules of Civil Procedure provides for service as follows:

   (d)(1)(A)  Upon an individual . . . by delivering a copy of the summons
and the complaint to the individual personally or by leaving a copy at the
individual's dwelling house or usual place of abode with some person of suitable
age and discretion there residing, or by delivering a copy of the summons and
complaint to an agent authorized by appointment or by law to receive service of
process;

   . . . .

   (d)(2)(A)  The summons and complaint may be served upon an individual
. . . by mail or commercial courier service in any state or judicial district of the
United States provided the defendant signs a document indicating receipt.

In this case, service was attempted on December 30, 2008, by a person who represented

himself to be a process server.  This person appeared in the reception area of the Executive

Division of the Office of the Utah Attorney General and handed a copy of the amended

complaint and summons for each of the state defendants to Jennifer Welsh, the receptionist on

duty.  Ms. Welsh states that she was not authorized to receive service of process for any of the

state defendants and so informed the person who represented himself as a process server.  The

person nevertheless handed the copies of the amended complaint to Ms. Welsh anyway.[15]

In opposition to the motion to quash, Bierly has submitted the affidavit of Rev. Edward

Allan Buck who was the individual who attempted service on the state defendants[16]  According to

Mr. Buck, Ms. Welsh stated that she would accept service of process for the defendants.[17]  As the

state defendants argue, however, even if Mr. Buck's allegations are true, the attempted service

fails to comply with the applicable rules governing service because Ms. Welsh was not

authorized to accept service and Bierly has not shown otherwise.[18]  Bierly has not argued, and the

court does not find, that the state defendants purposely misled Bierly in order to avoid service.

Accordingly, the motion to quash will be granted.

The granting of defendants' motion does not end the matter, however, because Bierly has

been granted permission to proceed under 28 U.S.C. § 1915.  Under that provision, the court

must issue and serve all process where appropriate.[19]  Thus, even though the court will quash the

service by Bierly, the court still is obligated to serve the defendants if deemed appropriate.  After

careful review, however, the court concludes that Bierly's complaint should be dismissed under

section 1915 as discussed below.

---

[15]Declaration of Jennifer Welsh, docket no. 25, filed January 20, 2009.

[16]Affidavit of Rev. Edward Allan Buck ¶ 2, docket no. 27, filed January 22, 2009.

[17]Id. ¶ 9.

[18]State Defendants' Reply Memorandum in Support of Motion to Quash Attempted Service of Process at 4, docket no. 37, filed February 6, 2009.

[19]28 U.S.C. § 1915(d).

**B. Bierly's Motion for Default Judgment**

Bierly has filed a motion for default judgment[20] based on her calculation that the state defendants filed their motion to quash outside the time allowed by the federal rules.  Bierly attempted to serve the state defendants on December 30, 2008.  Defendants filed their motion to quash on January 20, 2009.  Bierly asserts that Rule 12(a)(1)(A) allows only twenty days to file a responsive pleading, but Defendants' motion was filed twenty-one days after the attempted service, one day late.  Bierly argues therefore that she is entitled to a default judgment.[21]  As Defendants point out, however, the twentieth day after the attempted service (January 19, 2009) fell on Martin Luther King Day, a legal holiday.[22]  Under Rule 6, if the last day of a time period falls on a legal holiday, that day is excluded, and the period runs until the end of the next day.[23]  Accordingly, Defendants' motion to quash was timely filed, and Bierly's motion for default judgment should be denied.

**C. Eleventh Amendment Immunity**

Bierly's amended complaint states that "Defendants each, are named in their 'individual' and/or 'official' capacities."[24]  The court interprets this statement to mean that Bierly is suing

---

[20]Docket no. 26, filed January 22, 2009.

[21] Bierly's Response to State of Utah Defendants Motion to Quash at 1-2, docket no. 30, filed January 27, 2009.

[22] State Defendants' Memorandum in Opposition to Plaintiffs' Motion for Default Judgment at 3, docket no. 36, filed February 6, 2009.

[23]Fed. R. Civ. P. 6(a)(3).

[24]"Amended" Civil Rights Complaint (Amended Complaint) at 3, ¶ 3, docket no. 9, filed December 30, 2008.

each of the defendants in both their official and personal capacities.  Bierly seeks $1 million in actual damages and $1 million in punitive damages from each defendant.[25]

Insofar as she seeks damages, Bierly may not maintain a suit against defendants in their official capacities.  A suit against an officer in his official capacity is the equivalent of suing the entity which he represents.[26]  In other words, a suit against a state official in his official capacity is the same as suing the state.[27]

A state cannot be sued for damages under section 1983 for two reasons.  First, unless the state consents, the Eleventh Amendment bars a suit for damages against a state in federal court.[28]  Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities.[29]  Second, neither a state nor state officials sued in their official capacities for damages are "persons" under 42 U.S.C. § 1983.[30]  Accordingly, the claims against the state defendants in their official capacities should be dismissed.

**D.  Sections 1985(2), (3), and 1986**

Bierly attempts to raise claims under 42 U.S.C. §§ 1985(2), (3), and 1986.[31]  However, she has alleged no race- or class-based animus, a requirement to state a claim under Section 1985

---

[25]*Id.* at 19, ¶  77.

[26]*Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[27]*Hafer*, 502 U.S. at 25.

[28]*Graham*, 473 U.S. at 169; *Quern v. Jordan*, 440 U.S. 332 (1979).

[29]*See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988).

[30]*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hafer*, 502 U.S. at 26.

[31]Amended Complaint at 1, ¶ 1, and caption.

(2), (3).[32]  A claim under Section 1986 must be predicated upon a valid claim under Section 1985.[33]  Since Bierly has not stated a valid Section 1985 claim, she has no claim under Section 1986.

**E.  Violations of Federal and State Statutory Law**

Section 1983 provides a remedy for deprivation of a federal constitutional or statutory right by a person acting under color of state law.[34]  Throughout the amended complaint, Bierly alleges that the defendants violated a variety of federal and state statutory laws, both criminal and civil.  It is well established that a section 1983 claim may not be based upon violations of state law.[35]  Further, in order to state a claim under section 1983, the plaintiff must allege a violation of a federal *right*, not merely a violation of federal law.[36]  None of the provisions cited by Bierly give rise to a federal right enforceable under section 1983.  Accordingly, Bierly has no claim against the defendants predicated on their alleged violations of federal and state statutes.

**F.  Statute of Limitations**

"A complaint may be dismissed sua sponte under §1915 based on an affirmative defense–such as statute of limitations–'only when the defense is obvious from the face of the

---

[32]*See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-35 (1983).  *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 748 (10th Cir. 1980); *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1322-23 (10th Cir. 1976).

[33]*Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir. 1990); *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984); *Brown v. Readon*, 770 F.2d 896, 907 (10th Cir. 1985).

[34]*Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005); *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005).

[35]*Becker v. Kroll*, 494 F.3d 904, 917 (10th Cir. 2007); *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007).

[36]*Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Mandy R. ex rel. Mr. & Mrs. R. v. Owens*, 464 F.3d 1139, 1146 (10th Cir. 2006).

complaint and no further factual record is required to be developed.'"[37]  "Limitations periods in §

1983 [and § 1985] suits are to be determined by reference to the applicable state statute of

limitations."[38]  In Utah, the four-year residual statute of limitations applies to civil rights suits.[39]

While state law governs the period of limitations, federal law "determines the date on which the

claim accrues and the limitations period starts to run."[40]  A civil rights action "accrues when facts

that would support a cause of action are or should be apparent."[41]

Although the state defendants have not raised a statute of limitations defense, other

defendants have done so as discussed below.  It is appropriate to apply the limitations bar to

Bierly's claims against the state defendants because the defense is obvious from the face of the

complaint without further factual development.  Most of the acts of which Bierly complains

occurred in September and October 2000,[42] with the exception of an allegedly unauthorized order

by Defendant Amann in January 2001 to return the minor child L.B. to state custody.[43]  The facts

supporting Bierly's claims were apparent at the time of the allegedly unconstitutional acts.  Since

---

[37]*Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)(quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)).

[38]*Fogle, 435 F.3d at 1258*; (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)); *Fratus, 49 F.3d at 675*.  *See also Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970)(applying the same rule to section 1985 claim).  Section 1986 has its own one-year statute of limitations.  42 U.S.C. § 1986.

[39]*Fratus, 49 F.3d at 675*; Utah Code Ann. § 78B-2-307(3) (formerly § 78-12-25(3)).

[40]*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

[41]*Fogle, 435 F.3d at 1258* (quoting *Fratus, 49 F.3d at 675*).

[42]Amended Complaint at 6, 8,  9, 11, & 12, ¶¶ 17, 22, 28, 41, 45.  On page 11, paragraph 41, of the amended complaint, Bierly refers to an "abduction" that occurred on September 28, 2008.  But it is clear from the context that this is a typographical error that should have read "September 28, 2000."  (See Amended Complaint at 8, ¶ 22.)

[43]*Id.* at 9, ¶ 30.

Bierly's claims accrued no later than 2001, Bierly's complaint, filed in 2008, was untimely.  The court acknowledges that, in opposing a motion to dismiss filed by other defendants in this case, Bierly has argued that her claims are not time-barred because the alleged unconstitutional violations are continuing.[44]  However, Bierly has not shown a continuing violation.  "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."[45]  The complaint contains no allegations of any allegedly unconstitutional acts of any of the state defendants beyond January 2001.  Accordingly, the complaint should be dismissed as time-barred.

## G.  Defendant Judge Johansson

Bierly has alleged that Defendant Judge Johansson did "willfully, intentionally, and maliciously" violate her due process rights and those of her minor children by various judicial acts such as granting a second continuance in a shelter hearing, refusing to allow certain witnesses to testify on Bierly's behalf, and ordering that the minor children be taken into temporary custody.[46]  Bierly's claims against Judge Johansson are barred by the doctrine of judicial immunity.

It is well established that judges sued for damages under Section 1983 are absolutely immune from liability for their "judicial acts" so long as they do not act in the absence of all

---

[44]Bierly's Response to City of Midvale Memorandum in Support of Motion to Dismiss Arguetta & Jarvis at 3 ("Bierly's Response to Arguetta & Jarvis"), docket no. 42, filed March 13, 2009.

[45]*Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) *cited with approval in* *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984).

[46]Amended Complaint at 11-12, ¶¶ 42-49.

jurisdiction.[47]  A judge is protected by judicial immunity even if his action was in error, or done

maliciously, or was in excess of his authority.[48]  In this case, Judge Johansson, as a state juvenile

court judge, had jurisdiction over child welfare cases.[49]  His actions were "judicial acts" taken in

his judicial capacity and were actions normally performed by juvenile court judges.  Accordingly,

Judge Johansson is absolutely immune from a suit for damages under the facts alleged by Bierly.

## H.  Defendant Guardian ad Litem Liz Knight

The Tenth Circuit has held that a guardian ad litem representing a minor in state

proceedings related to child abuse or neglect does not act under color of state law as required for

a section 1983 claim.  This is so because the guardian ad litem "is a fiduciary who must act in the

minor's best interest."[50]  In this role, the guardian ad litem "owes his or her undivided loyalty to

the minor, not the state" and "assumes no 'obligation to the mission of the state.'"[51]  "It is of no

consequence if, in the exercise of his or her independent judgment on behalf of the minor, the

guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the

state in the abuse or neglect proceeding."[52]  Accordingly, Bierly has failed to state a claim against

Defendant Knight.

---

[47]*Stump v. Sparkman* 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mireles v. Waco*, 502 U.S. 9 1991)(per curiam).

[48]*Stump*, 435 U.S. at 356; *Pierson*, 386 U.S. at 554.

[49]*Meyers v. Garff*, 876 F.2d 79, 80 (10th Cir. 1989)(juvenile court judge entitled to judicial immunity); *English v. LeBaron*, 3 Fed. Appx. 872, 873-74 (10th Cir. 2001)(same).

[50]*Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986)(quoting *Clay v. Friedman*, 541 F. Supp. 500, 503 (N.D. Ill. 1982)).

[51]*Meeker*, 782 F.2d at 155 (quoting *Polk County v. Dodson*, 454 U.S. 312, 320 (1981)).

[52]*Meeker*, 782 F.2d at 155.

### I.  Defendant Attorney General Mark Shurtleff

Bierly alleges that Attorney General Mark Shurtleff violated the federal RICO Act by failing to prosecute criminal conduct allegedly committed by state employees.[53]  Bierly's RICO claim fails for the reasons discussed in the section on Bierly's claims against Assistant United States Attorney Mark Hirata.

### DEFENDANTS ARGUETTA & JARVIS' MOTION TO DISMISS

At the time of the incident at issue, Defendants Arguetta and Jarvis were police officers with the Midvale Police Department.  Bierly alleges that they assisted Defendants Amann and Richards in taking custody of the minor child L.B. without asking for a warrant or court order which would have given them legal authority.[54]  Defendant Officers Arguetta and Jarvis have filed a motion to dismiss[55] based on four grounds:  (1) the complaint fails to state a claim upon which relief can be granted; (2) the complaint fails to allege that the officers waived their governmental immunity; (3) the complaint fails to allege that a notice of claim was served upon the City of Midvale; and (4) Bierly's claims are barred by the applicable statute of limitations.

Defendants Arguetta and Jarvis assert that as employees of the Midvale City Police Department, they are entitled to governmental immunity under Utah Code Ann. § 63G-7-201.[56]

---

[53]Amended Complaint at 12-13.

[54]Amended Complaint at 9, ¶ 27.

[55]Motion to Dismiss Complaint Against Defendants Arguetta and Jarvis, docket no. 32, filed February 2, 2009.  The court notes that Defendant Arguetta is deceased.  (*Id.* at 1, footnote 1.)

[56]Memorandum in Support of Motion to Dismiss Complaint Against Defendants Arguetta and Jarvis (Arguetta & Jarvis' Memorandum in Support) at 3-4, docket no. 33, filed February 2, 2009.

As previously noted, Bierly is proceeding pro se, so the court construes her pleadings liberally.[57] The court does not read Bierly's complaint as attempting to raise claims under state law. The caption of the amended complaint is labeled "Civil Rights Complaint," and refers to the Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1983, 1985 (2), (3), and 1986. Because Bierly raises only federal claims, the Utah Governmental Immunity Act does not apply.

"Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law."[58] The Supreme Court has observed that a construction of the civil rights statutes which would permit "a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise."[59] Thus, while the Utah Governmental Immunity Act may well confer immunity on Defendants Arguetta and Jarvis for any state law claims that Bierly might have raised, it does not apply to her federal claims. Similarly, Defendants' challenge based upon any failure to serve a notice of claim on the City of

---

[57]*See Haines v Kerner, 404 U.S. 519, 520 (1972).*

[58]*Martinez v. California, 444 U.S. 277, 284 n.8 (1980). **See also** Wallis v. Spencer, 202 F.3d 1126, 1144 (9th Cir. 2000)*("Immunity under [these sections] is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations.").

[59]*Martinez, 444 U.S. at 284 n.8.*

Midvale[60] is based upon a state law requirement[61] and has no application to Bierly's federal claims.[62]

Defendants Arguetta and Jarvis apparently read the complaint to raise claims only under section 1986. They contend that Bierly's claims are barred by that section's one-year limitations period.[63] The actions of Defendants Arguetta and Jarvis occurred in the year 2000. Bierly did not file her complaint until 2008, well outside the one-year limitations period for section 1986. Although not specifically addressed by these defendants, the court concludes that Bierly's section 1983 and 1985 claims are also barred by the applicable four-year statute of limitations as previously discussed.

Bierly contends that her claims are not time-barred because the violation is ongoing.[64] According to the allegations in the complaint, Defendants Arguetta and Jarvis' only involvement in this case was their alleged assistance in the seizure of the minor child L.B. which occurred in the year 2000. The court concludes that the facts supporting Bierly's claims against Defendants Arguetta and Jarvis were apparent at that time. The complaint contains no allegations suggesting that Arguetta and Jarvis had any further involvement in the alleged constitutional violations after that date. Accordingly, Bierly's claims against Arguetta and Jarvis are time-barred.

---

[60]Arguetta & Jarvis' Memorandum in Support at 5.

[61]Utah Code Ann. §§ 63G-7-401(2), 63G-7-402.

[62]The court notes that Bierly asserts that she did file a notice of claim with the city. (Bierly's Response to Arguetta & Jarvis at 3.)

[63]Arguetta & Jarvis' Memorandum in Support at 5-6.

[64]Bierly's Response to Arguetta & Jarvis at 3.

## DEFENDANT HIRATA'S MOTION TO DISMISS

Defendant Hirata, an Assistant United States Attorney for the District of Utah, has filed a motion to dismiss[65] on three grounds:  (1) sovereign immunity, (2) absolute prosecutorial immunity, and (3) failure to state a claim upon which relief can be granted.  AUSA Hirata is sued in both his individual and official capacities.

### A.  Sovereign Immunity

"It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived."[66]  "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable."[67]  Thus, a party seeking to assert a claim against the government must point to a specific waiver of immunity to establish jurisdiction.[68]  Although Bierly lists a number of statutes that she asserts provide jurisdiction, none of them waives the United States' sovereign immunity.  Accordingly, Bierly's claims against AUSA Hirata in his official capacity are barred by the doctrine of sovereign immunity.

---

[65]Docket no. 39, filed March 2, 2009.

[66]*Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *see Normandy Apts., Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009)("Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit.").

[67]*Normandy Apts., Ltd.*, 554 F.3d at 1295 (citing *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006)).

[68]*Normandy Apts., Ltd.*, 554 F.3d at 1295.

**B. Prosecutorial Immunity**

Bierly's claims against Hirata in his individual capacity should be dismissed because he is entitled to prosecutorial immunity. Bierly alleges that Hirata "willfully, intentionally, and maliciously" refused to prosecute certain individuals, and that he failed to comply with the United States Attorney's manual.[69] A prosecutor is absolutely immune from suit for damages for activities that are "intimately associated with the judicial phase of the criminal process."[70] This immunity is not defeated even by a showing that the prosecutor acted wrongfully.[71] In this case, the decision not to prosecute is "intimately associated with the judicial phase of the criminal process." Thus, Defendant Hirata is absolutely immune from suit. Moreover, it is well established that a private citizen has no judicially cognizable right to the criminal prosecution of another.[72]

Finally, the U.S. Attorney's manual does not create any rights, either substantive or procedural, that are enforceable by law.[73] Many courts have so held.[74]

---

[69]Amended Complaint at 13-14, 16, ¶¶ 54-55, 68-69.

[70]*Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *accord DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993).

[71]*See Imbler*, 424 U.S. 409 (prosecutor alleged to have used false testimony at trial); *Burns v. Reed* 500 U.S. 478 (1991)(prosecutor was immune from suit even though he allegedly elicited false testimony at probable cause hearing.).

[72]*Leeke v. Timmerman*, 454 U.S. 83 (1981)(per curiam); *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973).

[73]*United States v. Goodwin*, 57 F.3d 815, 818 (9th Cir. 1995).

[74]*See, e.g., United States v. Myers*, 123 F.3d 350, 355-56 (6th Cir. 1997); *United States v. Thompson*, 579 F.2d 1183, 1189 (10th Cir. 1978); *see In re United States*, 197 F.3d 310, 315-16 (8th Cir. 1999).

## C.  Failure to State a Section 1983 Claim

Defendant Hirata, as an Assistant United States Attorney, did not act under color of state law, thus barring any claim under section 1983.[75]  Similarly, Bierly has failed to state a claim under sections 1985(2), (3), and 1986 as discussed above.

## D.  RICO

Bierly apparently also attempts to state a RICO claim against Defendant Hirata.[76]  To assert a RICO claim, a plaintiff must allege the following four elements:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[77]  Bierly's complaint fails to satisfy any of the elements for a RICO claim.  Bierly seems to believe that the failure of Defendant Hirata to prosecute the other defendants somehow gives rise to a RICO claim.[78]  As previously discussed, however, an individual has no right to have another individual prosecuted.

## DEFENDANT DR. DANA HARDIN

Defendant Dr. Hardin has not been served with process.  The court therefore analyzes Bierly's claims under section 1915 to determine whether service is appropriate.  According to the amended complaint, Dr. Hardin is a physician employed at Primary Children's Medical Center.[79]

---

[75]The court acknowledges that it could construe Bierly's claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, that construction would not save the complaint since Hirata is entitled to prosecutorial immunity, and the complaint otherwise fails to state a claim upon which relief can be granted.

[76]Amended Complaint at 16-18.  The court assumes that Bierly is attempting to state a claim under the Racketeer Influenced and Corrupt Organizations Act ('RICO"), 18 U.S.C. §§ 1961-1968.

[77]*Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).

[78]See Amended Complaint at 16-18.

[79]Amended Complaint at 3, ¶ 7.

Bierly alleges that on September 14, 2000, Dr. Hardin, through her nurse, informed Bierly that the minor child J.B. should be admitted to the hospital.  Because J.B. was not sick, Bierly thought hospital admission was inappropriate, and informed the nurse that she would seek a second opinion.  Thereafter, Dr. Hardin called DCFS and reported that J.B. was medically neglected and in need of immediate medical care.[80]  This incident apparently led to J.B.'s being taken into state custody.

Bierly's complaint against Dr. Hardin fails to state a claim upon which relief can be granted.  Dr. Hardin, as an employee of a private health care facility, was not acting under color of state law, as required for a section 1983 claim.[81]  Bierly's claims under sections 1985(2), (3), and 1986 also fail because she has alleged no class- or race-based animus as discussed above.  Finally, any claims Bierly might have had against Dr. Hardin accrued in September 2000.  Thus, the complaint filed against Dr. Hardin more than eight years later is untimely.  Accordingly, Bierly's complaint against Defendant Dr. Hardin should be dismissed under section 1915(e) for failure to state a claim upon which relief can be granted, and because it is barred by the applicable statutes of limitations.

## MISCELLANEOUS MOTIONS

Bierly has filed a motion for service of process.[82]  Because the court has determined that the amended complaint should be dismissed under section 1915(e), the motion for service of

---

[80]Amended Complaint at 6-8, ¶¶ 17-20.

[81]*Yanaki*, 415 F.3d at 1207; *Beedle*, 422 F.3d at 1065.

[82]Docket no. 4, filed December 8, 2008.

process is denied.  Bierly's Motion for Special Federal Grand Jury & Independent Prosecutor[83] is denied as Bierly has no right to such relief.  The court has resolved all issues presented in this case.  Therefore, the court denies Bierly's Petition for "Immediate" Hearing.[84]  Bierly's motion for extension of time to respond to Defendants Arguetta and Jarvis' motion to dismiss[85] is granted.  Defendants have not opposed the motion and Bierly's response[86] has been filed. Bierly's motion for an extension of time to serve Defendant Dr. Hardin[87] will be denied as the complaint fails to state a claim against Dr. Hardin.

Defendants Arguetta and Jarvis have filed a Motion to Strike Plaintiff's Reply Memorandum in Support of Complaint Against Defendants Arguetta and Jarvis.[88]  Defendants Arguetta and Jarvis filed their motion to dismiss;[89] Bierly filed a response;[90] and Arguetta and Jarvis filed a reply.[91]  Subsequently, Bierly filed her Reply Memorandum in Support of Complaint Against Defendants Arguetta and Jarvis.[92]  Bierly's reply memorandum constitutes a

---

[83]Docket no. 5, filed December 8, 2008.

[84]Docket no. 35, filed February 5, 2009.

[85]Docket no. 41, filed March 2, 2009.

[86]Docket no. 42, filed March 13, 2009.

[87]Docket no. 45, filed April 5, 2009.

[88]Docket no. 48, filed May 1, 2009.

[89]Docket no. 32, filed February 2, 2009.

[90]Docket no. 42, filed March 13, 2009.

[91]Docket no. 43, filed March 23, 2009.

[92]Docket no. 47, filed April 23, 2009.

response to Defendants Arguetta and Jarvis' reply memorandum and is not permitted under the

local rules of practice without court permission.  As Defendants argue, Rule 7-1(b)(3) of the

Rules of Practice for the United States District Court for the District of Utah precludes the filing

of any memorandum other than the motion itself and a supporting memorandum, a memorandum

in opposition, and a reply memorandum filed by the movant.  The rule specifically states:  "No

additional memoranda will be considered without leave of court."[93]  Thus, Bierly's reply

memorandum was improper under the local rules and will be stricken.

---

[93]DUCivR 7-1(b)(3)(A).

### ORDER

Bierly's motion for service of process[94] is **DENIED**.  Bierly's Motion for Special Federal Grand Jury & Independent Prosecutor[95] is **DENED**.  The State Defendants' Motion to Quash Attempted Service of Process is **GRANTED**.[96]  Bierly's Motion for "Immediate" Hearing[97] is **DENIED**.  Bierly's motion for extension of time to respond to Defendants Arguetta and Jarvis' motion to dismiss[98] is **GRANTED**.  Bierly's motion for an extension of time to serve Defendant Dr. Hardin[99] is **DENIED**.

Defendants Arguetta and Jarvis' Motion to Strike Plaintiff's Reply Memorandum in Support of Complaint Against Defendants Arguetta and Jarvis[100] is **GRANTED,** and Bierly's Reply Memorandum in Support of Complaint Against Defendants Arguetta and Jarvis[101] is **STRICKEN**.

---

[94]Docket no. 4, filed December 8, 2008.

[95]Docket no. 5, filed December 8, 2008.

[96]Docket no. 23, filed January 20, 2009.

[97]Docket no. 35, filed February 5, 2009.

[98]Docket no. 41, filed March 2, 2009.

[99]Docket no. 45, filed April 5, 2009.

[100]Docket no. 48, filed May 1, 2009.

[101]Docket no. 47, filed April 23, 2009.

**RECOMMENDATION**

Bierly's motion for default judgment[102] should be denied.  Defendants Arguetta and

Jarvis' motion to dismiss[103] should be granted.  Defendant Hirata's motion to dismiss[104] should be

granted.  Bierly's claims against all other defendants should be dismissed under 28 U.S.C. §

1915(e) for the reasons discussed above.

**NOTICE**

Copies of this Report and Recommendation are being mailed to the parties, who are

hereby notified that they have the right to object to the Report and Recommendation.  The parties

are further notified that they must file any objections to the Report and Recommendation with the

clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.

Failure to file objections may constitute a waiver of those objections on subsequent appellate

review.

July 20, 2009.

BY THE COURT:

David Nuffer

U.S. Magistrate Judge

---

[102]Docket no. 26, filed January 22, 2009.

[103]Docket no. 32, filed February 2, 2009.

[104]Docket no. 39, filed March 2, 2009.

-22-